**156**

Russell Maurer ARNOLD and Harriet B. Arnold, his wife, Plaintiffs,

v.

John H. BINGLER, District Director of Internal Revenue, Defendant.

Lloyd V. GUILD and Eleanor M. Guild, his wife, Plaintiffs,

v.

John H. BINGLER, District Director of Internal Revenue, Defendant.

Civ. A. Nos. 64-886, 64-887.

United States District Court
W. D. Pennsylvania.

May 11, 1966.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for defendant.

John B. Nicklas, Jr., Pittsburgh, Pa., for plaintiffs.

DUMBAULD, District Judge.

Plaintiffs here seek to recover income tax collected from them, and are entitled to recover if the gift of certain stock to them should not be treated as ordinary income but as a gift. Under Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 285, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960), determination of this issue depends upon whether the transferor of the stock had the requisite intent of "detached and disinterested generosity" or was motivated by a business purpose in making the transfer.

We are to decide on the basis of our "experience with the mainsprings of human conduct" as applied "to the totality of the facts of each case" (Ibid., p. 289, 80 S.Ct. p. 1198).

The government concedes that on its face the transaction was executed as a gift, and also concedes that the intent of the transferor was to benefit the plaintiffs rather than saddle them with an additional tax liability.[1] But it is contended that in reality he had a business purpose or economic incentive, seeking to ensure the perpetuation of a prosperous business as a source of financial security in his retirement years. (Incidentally, he has not retired, preferring to remain active rather than sell the company. Tr. 118).

The details regarding the transfers are set forth in the stipulation filed September 20, 1965, which are adopted by the Court as findings of fact.

Basically the issue in controversy turns on the credibility of the witness Guy H. Burrell, the transferor, whose demeanor on the stand appeared truthful and candid. (Tr. 109, 118). The witness made a favorable impression on the wit-

---

1. "He wanted to present the taxpayers with an asset, not an albatross", as the Government's Brief (p. 10) aptly states. See also Tr. 79.

ness stand, and we are constrained to accept his testimony as truthful.

The Government's principal attack upon the donor's "disinterested generosity" is the contention that such a motive would also have led him to make a similar gift to Miss Steenson, an elderly maiden lady who was Secretary and Treasurer of the company and supervised its clerical work. (Tr. 94, 125–28).

However, it would seem that the founder of a relatively small company manufacturing scientific instruments might well feel a closer tie of congeniality with the husband-plaintiffs who handled the scientific features of the company's research than with an officer handling the humdrum clerical paper work; and we are not convinced that this line of reasoning disproves the genuineness of the donor's expressions of his intent.

It seems quite natural that the founder of such a business, thrown into association with men concerned in the same field of endeavor, would take an interest in their advancement sufficient to motivate the desire to benefit them by a gift of stock in the company, especially when he had no sons or sons-in-law interested in succeeding him in the business.

It is not logical to suppose that these transfers were intended as additional compensation to the husband-plaintiffs, as they never complained of their salaries, which were in line with those prevailing in the industry. Indeed one of them (Guild) left the company to take an academic position at a substantial cut in pay because the new job provided greater opportunity for activity in the field of basic research.

It seems more reasonable to conclude that the transactions were in reality what they appear to be on their face, a genuine gift motivated by sentiments of benevolence and generosity.

We therefore hold that the transfers of stock were valid gifts, and therefore not ordinary income to plaintiffs, who are entitled to recover the tax collected from them on the amounts involved.

Judgment is therefore given for plaintiffs for the stipulated amount, to be computed by agreement of the parties and submitted to the Court, in accordance with paragraph 18 of the aforesaid stipulation filed September 20, 1965.

This opinion shall be deemed to constitute the Court's findings of fact and conclusions of law.